IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| FUEL CLOTHING COMPANY, INC.) | Civil Action No: 3:11-cv-02704-JFA |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| REEBOK INTERNATIONAL LTD. ) | |
| and FA-FABRY INDUSTRIES, INC. ) | |
| Defendants. ) | |
| _____) | |

Fuel Clothing Company, Inc., Plaintiff herein, alleges its Complaint and claims as against the above named Defendants in this Court as follows:

1. Fuel Clothing Company, Inc. ("Fuel Clothing") is a South Carolina corporation doing business throughout the United States of America and internationally, having a principal place of business in Hilton Head, South Carolina.

2. Reebok International Ltd. ("Reebok") is a subsidiary of the German Corporation, Adidas, AG, and is a legal business entity organized in a state other than South Carolina, having a principal place of business in a state other than South Carolina.

3. FA-Fabry Industries, Inc. ("Fabry") is a corporation of a state other than South Carolina, having a principal place of business in a state other than South Carolina.

4. Reebok and Fabry do business in various places in South Carolina.

## Jurisdiction

5. These claims arise under the federal Lanham Act, 15 U.S.C, §§ 1051, et seq. This Court has original subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121, 28 § 1331 and 1338, and Federal Rule of Civil Procedure 13.

6. These claims also arise under the Federal Declaratory Judgment Act at 28 §§ 2201 and 2202. This is a civil claim for declaratory judgment concerning a federally registered trademark under the federal Lanham Act at 15 §§ 1051, el. seq. This Court has original subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121.28, § 1331 and 1338, and Federal Rule of Civil Procedure 13.

## Factual Background

7. Fuel Clothing is in the business of producing and marketing sports apparel, including sport gloves, and related merchandise bearing the mark of "FUEL," which is protected by trademark no. 2,290,931 and held by Fuel Clothing.

8. Fuel Clothing has used the distinctive term "FUEL" as a trademark in connection with various sporting goods and product sales, marketing, activities and promotions, including on sport gloves, clothing and other items, continuously since at least as early as April 1992.

9. Fuel Clothing's "FUEL" trademark has gained substantial goodwill in the eyes of the consuming public and is a widely known trademark in the sports field.

As such, it has acquired secondary meaning within the minds of the relevant consuming public.

10. Fuel Clothing has expended a great deal of effort and money in advertising, protecting and promoting its "FUEL" line of goods sold in the sports field. Fuel Clothing has marketed those goods on internet, television, magazines, at events and in many other media outlets. Fuel Clothing's "FUEL" mark has become so widely known in the sports field that it has become a fatuous trademark.

11. The United States Patent and Trademark Office has placed Fuel Clothing's "FUEL" mark on the Principal Register for clothing goods and has granted the mark Registration No. 2,290,931. Through Fuel Clothing's considerable marketing efforts, its "FUEL" mark has also gained common law trademark protection specifically relating to goods sold in the sports field.

12. Fuel Clothing became aware that Defendants had adopted and use the identical "FUEL" mark in connection with an sporting clothing and retail goods, specifically gloves, which seek to make sales to many of the same young sporting consumers for whom Fuel Clothing's "FUEL" mark has gained wide recognition. Defendants' use of the "FUEL" mark in this connection seeks to target much the same consumer demographic which Fuel Clothing targets, through many of the same channels.

13. Fuel Clothing is informed and believes, and on that basis alleges, that

Defendants, were aware of Fuel Clothing, its "FUEL" mark, and the substantial goodwill and reputation that Fuel Clothing built in the use of the term "Fuel" in the sport context and that the "FUEL" mark had achieved with consumers before Defendants adopted the mark "FUEL" for their own goods, including sport gloves. Further, Fuel Clothing has sent Defendants "cease and desist" correspondence, demanding that they immediately cease and desist all such infringing uses of the Fuel mark, but Defendants have ignored these demands.

14. Defendants' infringements and continued infringements were done willfully.

## FOR A FIRST CAUSE OF ACTION
(Federal Trademark Infringement under 15 U.S.C. § 1051 et seq.)

15. Fuel Clothing incorporates by reference, all of the foregoing claims as if set forth fully herein.

16. Fuel Clothing owns U.S. Trademark Registration No. 2,290,931 for the mark "FUEL."

17. Defendants' use of the "FUEL" mark has confused consumers, and is likely to cause confusion among customers, potential customers, and the consuming public to the effect that such persons will likely be confused as to the source of goods offered by it and by Fuel Clothing, Such confusion is the natural and probable consequence of Defendants' actions.

18. Defendants' unauthorized use of the "FUEL" mark infringes Fuel

Clothing's federal trademark registration.

19. Upon information and belief Defendants' adoption and/or continued use of Fuel Clothing's "FUEL" mark was done willfully in bad faith and with notice of Fuel Clothing's rights.

20. The use, and continued use, of the "FUEL" mark, without Fuel Clothing's consent, are willful and deliberate infringements of Fuel Clothing's rights and are calculated to obtain for Defendants the benefit of the valuable mark promoted, owned at protected by Fuel Clothing at Fuel Clothings' great expense, as well as the goodwill, reputation and advertising of Fuel Clothing.

21. The aforesaid infringement of the "FUEL" mark has caused irreparable harm to the value of Fuel Clothing's goodwill and the value of that goodwill will be greatly damaged if such infringement is allowed to continue. Thus, Fuel Clothing has no completely adequate remedy at law.

22. Upon information and belief, Defendants have made profits from the infringing uses of Fuel Clothing's "FUEL" mark and further, Fuel Clothing has suffered damages as a result thereof.

23. Fuel Clothing is entitled to recover as against each Defendant all damages, penalties, losses, profits of Defendants, attorney's fees and other remedies as are provided for by law for such infringements and willful infringements by each Defendant.

## FOR A SECOND CAUSE OF ACTION
(Common Law Trademark Infringement and Unfair Competition)

24. Fuel Clothing incorporates by reference all of the foregoing paragraphs of its Complaint as if set forth fully herein.

25. Fuel Clothing has used the term "FUEL" as a trademark in the same trade areas and through the same channels in which Defendants have used that term in connection with their products or services.

26. Defendants' use of the word "FUEL" has confused consumers and is likely to cause confusion among customers, potential customers, and the general public to the effect that these persons will be confused as to the source of goods or services offered, or not offered, by Defendants and by Fuel Clothing. Such confusion is the natural and probable consequence of Defendants' actions.

27. Upon information and belief, Defendants' acts were committed, and/or are being committed, with the intent to pass off and palm off Defendants' infringing products or services as the products or services of Fuel Clothing, and with the intent to deceive and defraud the public.

28. Defendants' unauthorized use of the term "FUEL" in this manner infringes the common law trademark rights of Fuel Clothing and results in unfair competition to Fuel Clothing, to Fuel Clothing's damage and detriment.

29. Fuel Clothing is entitled to recover as against each Defendant all

damages, penalties, losses, profits of Defendants, attorney's fees and other remedies as are provided for by law for such infringements and willful infringements by each Defendant.

## FOR A THIRD CAUSE OF ACTION
(Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125)

30. Fuel Clothing incorporates by reference all of the foregoing paragraphs of its Complaint as if set forth fully herein.

31. Defendants' use of Fuel Clothing's "FUEL" mark is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendants with Fuel Clothing, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities.

32. Defendants continue to use in interstate commerce Fuel Clothing's "FUEL" mark without permission or license for Fuel Clothing.

33. Fuel Clothing is informed and believes, and on that basis alleges, that Defendants, in engaging in the conduct described herein, willfully intended to trade on the strength and reputation of Fuel Clothing's "FUEL" mark, and causing injury to Fuel.

34. As a direct and proximate result of Defendants' unlawful acts as set forth above, including Defendants' unauthorized use of Fuel Clothing's "FUEL" mark, Fuel Clothing has suffered and will continue to suffer injury to its business,

goodwill and property in an amount no presently know.

35. Fuel Clothing has no adequate remedy at law. Unless Defendants are preliminarily and permanently enjoined from committing these unlawful acts as set forth above, including the unauthorized use of Fuel Clothing's "FUEL" mark, Fuel Clothing will continue to suffer irreparable harm.

36. Fuel Clothing is entitled to an injunction restraining Defendants, and their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts of unfair competition and false designation of origin in violation of the Lanham Act.

37. Fuel Clothing is also entitled to recover from Defendants the damages Fuel Clothing has sustained and will sustain as a result of Defendants' wrongful conduct as alleged herein. Fuel Clothing is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of such wrongful conduct. Fuel Clothing at present is unable to ascertain the full extent of its damages, or the extent of the gains, profits, and advantages that Defendants have obtained by reason of the wrongful conduct described herein.

## FOR A FOURTH CAUSE OF ACTION
(Federal Trademark Dilution Under 15 U.S.C. § 1125)

38. Fuel Clothing realleges and incorporates herein by reference the allegations contained in all of the foregoing paragraphs of its Complaint as if set forth fully herein.

39. Defendants have, and currently are, using Fuel Clothing's "FUEL" mark in commerce with sales of clothing, apparel and sports related merchandise, including sport gloves.

40. Defendants' use of Fuel Clothing's "FUEL" mark began after the mark became famous.

41. Fuel Clothing is informed and believes, and on that basis alleges, that Defendants, in engaging in the conduct described herein, willfully intended to trade on the strength and reputation of Fuel Clothing and its "FUEL" mark, and to cause injury to Fuel Clothing.

42. Defendants' use of Fuel Clothing's "FUEL" mark dilutes the distinctive quality of Fuel Clothing's "FUEL" mark.

43. Fuel Clothing is entitled to an injunction restraining Defendants from any further use of Fuel Clothing's 'FUEL" mark as well as damages and equitable relief due to Defendants' unlawful conduct herein alleged.

FOR A FIFTH CAUSE OF ACTION
(Declaratory Relief under 28 U. S. C. §§ 2201 and 2202)

44. Fuel Clothing realleges and incorporates herein by reference the allegations contained in all of the foregoing counterclaim paragraphs as if set forth fully herein.

45. This claim arises from an actual and justiciable controversy between

Fuel Clothing and Defendants as to Defendants' alleged infringement of Fuel Clothing's federal registered FUEL mark and other allegedly unlawful acts by Defendants relating to Fuel Clothing's "FUEL" mark.

46. Defendants have no right to use Fuel Clothing's "FUEL" mark in commerce in any way that is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendants with Fuel Clothing, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities.

47. Defendants are using Fuel Clothing's "FUEL" mark in commerce in a way that is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendants with Fuel Clothing, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities.

48. Fuel Clothing, therefore, requests a declaration from this Court that Defendants' use of Fuel Clothing's "FUEL" mark infringes that mark, constitutes unfair competition, and is an unfair business practice.

49. In addition, Fuel Clothing requests a declaration from this Court that Fuel Clothing's use of its "FUEL" mark does not infringe or otherwise violate any rights, if any, held by Defendants in regard to the "FUEL" mark.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays:

For a jury trial, a judgment against the Defendants in an appropriate amount in excess of $75,000, to include actual damages, statutory damages and penalties, punitive damages, profits of Defendants, costs of this action, attorneys' fees and for other such relief as is permitted by law and which the Court or a jury may deem fair and equitable.

        s/John E. Schmidt, III
_____
John E. Schmidt, III
Fed. ID No. 3750
John.schmidt@thesclawfirm.com
Melissa J. Copeland
Fed. ID No. 6241
**Schmidt & Copeland LLC**
1201 Main Street, Suite 1100
P.O. Box 11547
Columbia, SC 29201 (29211)
803.748.1342 (phone)
803.748.1210 (fax)
ATTORNEYS FOR PLAINTIFF

October 6, 2011

**JURY TRIAL DEMANDED**